WILLIE SHEMWELL and FRANKLIN JENKINS

*v.*

STATE OF TENNESSEE.

377 S.W.2d 906.

(*Nashville,* December Term, 1963.)

Opinion filed April 8, 1964.

JAMES C. CUNNINGHAM, Clarksville, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, WALKER T. TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

The defendants, Willie Shemwell and Franklin Jenkins, appeal from a conviction of robbery having each received a sentence of seven years.

On 26 January 1963 at about 11:20 P.M. "Bob's Quick Shop" in Clarksville was robbed at gun point of about $500.00 by a negro man wearing a mask. On 3 February 1963 these defendants along with Curtis Singleton and Sollie Slayden were arrested for this robbery. Singleton and Slayden confessed while defendants denied any part in this robbery. These four were jointly indicted, but upon motion of the State a severance was allowed, as to Singleton and Slayden.

One of the assignments of error raises the question of whether there is corroborating evidence to support the testimony of Slayden and Singleton, they being accomplices. The testimony of these accomplices supports the following facts.

Slayden had worked at the Quick Shop. Singleton had a room at a negro establishment known as the "Businessman's Club." On the night in question Slayden, Singleton and defendants got into the car of one, Nelson Winder, to be driven by Winder from this Club to the Quick Shop. Defendant Jenkins was in the front seat with Winder and the others in the rear seat. They took a circuitous route going to the Quick Shop and during the course of the ride discussed the contemplated robbery. Upon arriving at the Quick Shop Singleton got out of the car, and the others, after noticing a police car parked nearby at the railroad station returned to the Club. Singleton proceeded alone to the Quick Shop and after accomplishing the robbery proceeded on foot via the railroad tracks back to the Club. Upon returning to the Club Singleton met defendants. These three agreed to hide the money box taken in the robbery in Singleton's trunk, defendant Jenkins retaining the key. The next morning defendants returned to the Club whereupon defendant Jenkins obtained the money box giving an address on Kellogg Street where the proceeds would be divided. Later the same morning Singleton was unable to locate this address. The next day Singleton saw defendants on the street and upon inquiring of defendant Jenkins about the money box was told by defendant Jenkins not to talk about it on the streets, but to step into a store, which they did. The three of them went in the Brick's Army Store, but apparently soon thereafter Sgt. Davis and another officer came into this store and all three of these men left. Defendant Jenkins and Shemwell left together in one car with defendant Jenkins getting out near a negro high school. Defendant Shemwell left in a car with someone else. These accomplices further testi-

fied that they and defendants had for a period of about a week discussed and planned this robbery.

■ To corroborate the testimony of the accomplices Singleton and Slayden the State offered the following evidence.

Nelson Winder a member of the U. S. Army, upon learning of the robbery through newspaper accounts, volunteered to the police what information he had. This witness testified, on the night in question, he did drive defendant Jenkins and three others from the Businessman's Club to the Quick Shop, where Singleton got out and the rest of them returned to the Club. The request for this trip was made by defendant Jenkins in order to obtain some change and during the trip he heard no discussion of any robbery. This witness identified defendant Jenkins, Slayden, Singleton and one other he did not know as making this trip with him. This witness stated he had known defendant Shemwell for two years and this defendant was not in the car that night on this trip.

Sgt. Sid Davis testified he went into Brick's Army Store on 28 January 1963, between noon and 1:00 P.M., where he saw three negro men. This witness said one of the negroes spoke to him, but he did not recognize them at the time, nor does he know yet who they were.

The State proved defendant Jenkins, when arrested, had a newspaper clipping of the robbery in his billfold.

The legal requirements in regard to corroborating evidence necessary to support the testimony of an accomplice was set out in some detail by Chief Justice Burnett in the case of *Sherrill v. State,* 204 Tenn. 427, 321 S.W.2d

811 and we do not deem it necessary to reiterate same in this opinion.

In the case against defendant Jenkins the testimony of the witness Winder corroborates the testimony of the accomplices and fairly tends to connect this defendant with the commission of the crime. This is not true of the defendant Shemwell. This testimony does not connect defendant Shemwell with the crime, but rather tends to acquit him. It is apparent this witness Winder was well acquainted with Shemwell and was positive he was not in the car that night. The state offered no other evidence fairly tending to connect him with the commission of this crime.

The State insists the accomplices having been corroborated on a material fact as to the defendant Jenkins, then the jury may infer the accomplices speak the truth as to the defendant Shemwell. In support of this position a statement from the case of *Stanley v. State,* 189 Tenn. 110, 222 S.W.2d 384 is cited. The statement from this opinion (page 116 of 189 Tenn., 222 S.W. 2d 334) a part of a quote from Wharton's Criminal Evidence, Vol. 2, Sec. 754, page 1272 is as follows, "if the accomplice is corroborated as to material fact or facts, the jury may from that infer that he speaks the truth as to all." We have not been cited nor have we been able to find a Tennessee case directly on the point raised. The authorities in other jurisdictions are in conflict on this point. See 20 Am.Jur., Evidence, Section 1236; 23 C.J.S. Criminal Law sec. 812, page 125.

To accept this theory would be to hold a person, under the proper circumstances, could be convicted upon the uncorroborated evidence of an accomplice. This offers too

great a possibility of convicting an innocent person. We reject such.

 Defendant also assigns as error, (1) there was no evidence to support the verdict, and (2) the Trial Judge erred in granting the motion for severance. We find no merit in these assignments.

The judgment against the defendant Franklin Jenkins is affirmed. The judgment against the defendant Willie Shemwell is reversed and the cause remanded as to this defendant.